# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 3:00cr00014-2 |
| | ) | |
| v. | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| **DARRELL DORIAN MIGGINS.** | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Darrell Dorian Miggins, a federal inmate proceeding pro se, filed this "Independent Action Pursuant to Rule 60(D)(1) of the Federal Rules of Civil Procedure Savings Clause Seeking Modification of the November 6, 2000 Sentence Due to the Discovery of Facts Amounting to a Grave Miscarriage of Justice and/or Unjust Judgment" which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. By previous order, the court notified Miggins of the court's intention to construe and address his filing as a § 2255 motion, unless he expressly objected within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). Miggins did not object to the court's construction. Upon consideration of his § 2255 motion, the court finds that Miggins' motion has no merit, and, therefore, dismisses it pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

## I.

After a jury trial in the Western District of Virginia, Miggins was convicted of selling, distributing, or dispensing cocaine base, in violation of 21 U.S.C. § 841. After the Presentence Investigation Report ("PSR") determined that Miggins was a career offender, the court sentenced Miggins to a total term of 210 months incarceration. Miggins did not appeal.

Miggins filed the instant § 2255 motion arguing that he is actually innocent of the career

offender status because one of the convictions upon which his status is based is not a crime of violence. Miggins believes that his career offender status is based on a 1993 conviction for simple assault and 1994 conviction for aggravated assault. Miggins argues that his simple assault conviction is not a crime of violence.

## II.

To qualify as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG"), 1) the defendant must be at least eighteen years old at the time the defendant committed the instant offense of conviction, 2) the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense, and 3) the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. Pursuant to commentary under § 4B1.2, Application Note 1, a "crime of violence" includes, among other things, aggravated assault. A review of the record demonstrates that Miggins was 27 at the time of his federal conviction, that his federal conviction was a felony that was a controlled substance offense, and that Miggins had at least two prior felony convictions of crimes of violence. Specifically, Miggins was convicted of aggravated assault on April 28, 1991 and of aggravated assault on a police officer on September 20, 1993. Both of these convictions qualify as crimes of violence. Therefore, the court finds that Miggins was properly sentenced as a career offender and his claim that he is actually innocent has no merit.

## III.

For the reasons stated, the court dismisses Miggin's § 2255 motion to vacate, set aside, or correct sentence.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and

accompanying Order to petitioner.

    Entered this 31st day of January, 2011.

                                                                 NORMAN K. MOON
                                                                 UNITED STATES DISTRICT JUDGE