CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
12/19/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRELL DORIAN MIGGINS,<br><br>　　　　　　　　　*Defendant.* | CASE NO. 3:00-cr-00014-2<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

　　　Defendant Darrell Dorian Miggins was originally sentenced in 2000 to 210 months imprisonment and 5 years of supervised release. (Dkt. 33). The Court is in receipt of Defendant's pro se motion requesting early termination of his supervised release. (Dkt. 51).

　　　"All post-sentencing changes to the terms of a defendant's supervised release are governed by 18 U.S.C. § 3583(e)." *United States v. Etheridge*, 999 F. Supp. 2d 192, 194 (D.D.C. 2013). Section 3583(e)(1) allows the Court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court is to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Section 3583(e) thus "allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). But Section 3583(e) "is not exclusively limited to considerations of conduct," and "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* at 283.

　　　After consulting with the Defendant's probation officer and reviewing the record in his case, the Court finds that over one year has passed since Defendant's release from incarceration,

he is no longer in need of supervised release, and his release would be in the interest of justice.  As put forth in his letter to the Court and as verified by his probation officer, Dkt. 110, Defendant Miggins has maintained stable employment and completed required substance-abuse counseling.  Further, as the Court has been advised by his probation officer, Defendant Miggins has maintained a stable residence, which he shares with his wife, has returned only negative drug tests, and, overall has been responsive to supervision and presented a positive attitude.  Generally, "full compliance with the terms of supervised release is what is expected of a person under the magnifying lens of supervised release and does not warrant early termination."  *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (citations omitted).  But the Court is satisfied that Defendant Miggins's individual improvement since his release from prison, coupled with the interests of justice, sufficiently warrants the slightly early termination of Defendant's supervised release term.  This is particularly true given that, as the Court is advised, his release is scheduled to expire on May 21, 2020, resulting in a roughly six-month variance from his five-year term of supervised release.

Accordingly, the motion is **GRANTED** and Defendant Miggins is **DISCHARGED** from supervised release.  The Clerk of the Court is hereby directed to send a certified copy of this order to Defendant and all counsel of record.

Entered this  19th  day of December, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE